IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WESTSTAR MORTGAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> STEWART TITLE GUARANTY COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § C.A. No. _____ |

## COMPLAINT

Plaintiff Weststar Mortgage Corporation ("Weststar") files this its Original Complaint against Defendant Stewart Title Guaranty Company, petitioning this Court pursuant to the Declaratory Judgments Act, Chapter 37 of the Texas Civil Practices and Remedies Code, and shows as follows:

### Parties

1. Plaintiff Weststar is a lending institution organized under the laws of the State of New Mexico, with its principal place of business in Albuquerque, New Mexico.

2. Defendant Stewart Title Guaranty Company is a corporation organized under the laws of Texas with its principle place of business in Houston, Texas.

### Jurisdiction

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Weststar and Defendants.

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(a)(2) because the subject of this suit arises out of a declaration of rights under a title insurance policy insuring real property located in Harrison County, Texas.

**Facts**

5. Prior to 2005, Wallace H. Little and Carla Little (collectively, the "Littles") owned approximately 4 acres of real property in Marshall, Texas (the "Original Parcel") with the following description:

> TRACT I: All that certain lot, tract or parcel of land situated in Harrison County, Texas; being a part of the HUDSON HALL SURVEY A-10; being all of a called 4.00 acres of land, more or less, known as Tract 12, of the unrecorded plat of the Underwood Road Subdivision, described in a Deed of Trust from Terrell Coleman and wife, Marcia Coleman, and recorded in Volume 2418, Page 74, Official Public Records, Harrison County, Texas and being more particularly described as follows:
>
> BEGINNING at a 1" crimped iron stake for corner at the end of a chain link fence, on the East ROW of Underwood Road, said corner being the Northwest corner of this tract, and the Southwest corner of a F. S. Crowley tract, described in Volume 708, Page 119, Deed Records, Harrison County, Texas;
>
> THENCE North 71 deg. 34' 35" East, with the South line of Crowley tract, and then the South line of another F. S. Crowley tract, described in Volume 830, Page 195, Deed Records, Harrison County, Texas, 419.65 feet, to a 3/4" crimped iron pipe, found for corner at an "X-Tie" fence corner post, said iron pipe corner being the Northeast corner of this tract, the Southeast corner of said Crowley tract, and on the West line of a called 58.70 acre Peter Shaw tract, described in Volume 59, Page 92, Deed Records, Harrison County, Texas;
>
> THENCE South 18 deg. 50' 22" East, with the West line of said Shaw tract, and then the West line of a called 58.7 acre Roy W. Harrell tract, described in Volume 1317, Page 231, Deed Records, Harrison County, Texas, 414.60 feet, to a 1" crimped iron pipe, found for corner at an "X-Tie" fence corner post, said iron pipe corner being the Southeast corner of this tract, and on the North line of a 60 feet wide non-paved road;
>
> THENCE South 71 deg. 29' 53" west, with the North line of said road, 419.82 feet, to a 1" crimped iron pipe, found for the Southwest corner of this tract, at an "X-Tie" fence corner post at the intersection of the North line of said road and the East ROW of Underwood Road;
>
> THENCE North 18 deg. 49' 00" West (Base Bearing), with the East ROW of Underwood Road, 415.17 feet, to the Place of Beginning containing 4.00 acres of land, more or less.

6. On November 15, 2005, the Littles executed a Warranty Deed deeding a 1.354 acre portion of their Original Parcel to their daughter Angeline C. Young (the "Young Parcel"). The street address of the Young Parcel is 554 Underwood Road, Marshall, TX 75672 ("554 Underwood

Road"). The street address of the portion of the Original Parcel retained by the Littles is 532 Underwood Road, Marshall, TX 75672 ("532 Underwood Road").

7. Upon information and belief, the Littles continued to reside at 532 Underwood Road, and Young intended to reside at 554 Underwood Road.

8. On or about March 18, 2008, the Littles, as borrowers, closed on a loan with Weststar in the amount of $192,300.00. The loan proceeds were intended to fund the construction and installation of a pre-fabricated residence on the property at 554 Underwood Road.

9. The Littles executed numerous documents in connection with the closing. Angeline C. Young, as attorney-in-fact for the Littles, signed all of the documents at the closing.

10. The Littles, through Young, completed Weststar's Uniform Residential Loan Application (the "Loan Application"). The Loan Application listed the subject property address as 554 Underwood Road and the Little's present address as 532 Underwood Road. In the Loan Application, the Littles listed both 554 Underwood Road and 532 Underwood Road in their Schedule of Real Estate Owned. A true and correct copy of the Loan Application is attached hereto and incorporated herein by reference as **Exhibit 1**.

11. In conjunction with the closing, the Littles executed a loan agreement with Weststar (the "Loan Agreement"). The Loan Agreement identified the Borrower's address as 554 Underwood Road. Young signed the Loan Agreement as attorney-in-fact for the Littles. A true and correct copy of the Loan Agreement is attached hereto and incorporated herein by reference as **Exhibit 2**.

12. In conjunction with the closing, the Littles executed a promissory note in favor of Weststar (the "Note"). The Note identifies the Property Address as 554 Underwood Road. Young

signed the Note as attorney-in-fact for the Littles.  A true and correct copy of the Note is attached hereto and incorporated herein by reference as **Exhibit 3**.

13. In conjunction with the closing, the Littles executed a deed of trust in favor of Weststar (the "Deed of Trust").  The Deed of Trust defined the encumbered property as follows: "SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT 'A'. . . . which currently has the address of 554 UNDERWOOD ROAD, MARSHALL, TEXAS 75672."  However, Exhibit A to the Deed of Trust appears to describe the parcel with the address 532 Underwood Road.  Young signed the Deed of Trust as attorney-in-fact for the Littles.  A true and correct copy of the Deed of Trust is attached hereto and incorporated herein by reference as **Exhibit 4**.

14. The Deed of Trust states that "BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record."  Ex. 4, Deed of Trust, p. 3.

15. The Littles also executed an addendum to the Deed of Trust which included a covenant that "the Borrower shall occupy, establish, and use the Property as the Borrower's principal residence upon the completion of the construction of the residence to be constructed on the Property."  Young signed the Deed of Trust as attorney-in-fact for the Littles.  A true and correct copy of the Addendum to the Deed of Trust is attached hereto and incorporated herein by reference as **Exhibit 5.**

16. In conjunction with the closing, the Littles also executed a mechanic's lien contract (the "Mechanic's Lien Contract") providing a lien to the contractor responsible for constructing

the pre-fabricated home.  The Mechanic's Lien Contract identified the Littles' address as 554 Underwood Road, but used the same legal description for the property from the Deed of Trust, which describes 532 Underwood Road.  Young signed the Mechanic's Lien Contract as attorney-in-fact for the Littles.  A true and correct copy of the Mechanic's Lien Contract is attached hereto and incorporated herein by reference as **Exhibit 6.**

17. In conjunction with the loan, Weststar obtained a title insurance policy, Policy No. M-5482-906361 (the "Title Insurance Policy") from Stewart Title Guaranty Company ("Stewart Title").  A true and correct copy of the Title Insurance Policy is attached hereto and incorporated herein by reference as **Exhibit 7.**

18. The Title Policy insures Weststar that the Littles hold fee simple title in the property identified in the Deed of Trust.  However, despite referring to the Deed of Trust, which refers to both 554 Underwood Road and includes the legal description for 532 Underwood Road, the Title Policy erroneously defines the subject property by using the legal description for 532 Underwood Road only.

19. In sum, the relevant title documents and loan closing documents contain certain inconsistencies:

   a. The Note and the Loan Agreement identify the subject property as 554 Underwood Road;

   b. The Deed of Trust identifies the subject property by address as 554 Underwood Road, but instead contains a legal description for 532 Underwood Road; and

   c. The Title Insurance Policy identifies the subject property using the legal description for 532 Underwood Road.

20. As contemplated, the loan proceeds were used to pay for the purchase and installation of a pre-fabricated home on the 554 Underwood Drive property.

21. After the closing, Weststar was unaware of any of the discrepancies among the title documents and security agreements because the Littles continued to pay the amounts due under the Deed of Trust.

22. Weststar first submitted a claim under the Title Insurance Policy to Stewart Title (the "Initial Claim") in late 2015. Weststar sought indemnity for defects in title under the Title Insurance Policy because the Deed of Trust failed to give Weststar the valid, first-priority lien on 554 Underwood Road as contemplated by the parties. It is unclear what, if any, legal interest Weststar has in either 554 Underwood Road or 532 Underwood Road based on the identification of the property in the Deed of Trust.

23. On or around December 3, 2015, Stewart Title denied Weststar's Claim on the grounds that there was no indication in the Deed of Trust that the property at 554 Underwood Road was insured or should have been insured under the Title Insurance Policy.

24. On or around May 17, 2018, Weststar submitted another claim under the Title Insurance Policy to Stewart Title (the "Second Claim").

25. After receipt of the Second Claim, Stewart Title retained an attorney to bring an action in state court for reformation of the Deed of Trust to cure the title defects. The state court action is currently pending in the District Court of Harrison County Texas, 71st Judicial District, with the caption *Weststar Mortgage Corporation vs. Oak Creek Homes, LLC et al*, Cause No. 18-1295 (the "State Court Action").

26. Section 4(b) of the Title Insurance Policy allows Stewart Title to bring the State Court Action, although the clause explicitly disclaims that doing so is an acknowledgement of liability under the policy:

> The Company shall have the right, at its own cost, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the title to the estate or interest or the lien of the insured mortgage, as insured, or to prevent or reduce loss or damage to the insured. The Company may take any appropriate action under the terms of this policy, **whether or not it shall be liable hereunder, and shall not thereby concede liability or waive any provision of this policy.** If the Company shall exercise its rights under this paragraph, it shall do so diligently.

Ex. 7, Title Insurance Policy § 4(b) (emphasis added).

27. Thus, despite bringing the State Court Action, Stewart Title has not yet acknowledged liability under the Title Insurance Policy.

28. As of the date of filing, the State Court Action is still pending and has not resulted in reformation of the Deed of Trust.

### Causes of Action

### First Cause of Action
### (Declaratory Judgment)

29. The allegations contained in the preceding paragraphs are re-alleged and incorporated by reference as through fully set forth herein.

30. Weststar seeks a declaratory judgment from this Court pursuant to 28 U.S.C. § 2201, *et seq.*, and Chapter 37 of the Texas Civil Practices and Remedies Code. Weststar requests that the Court determine the rights, obligations, and liabilities between Weststar and Stewart Title under the Title Insurance Policy.

31. A substantial and continuing justiciable controversy exists between Weststar on the one hand and Stewart Title on the other hand as to Stewart Title's obligations under the Title Insurance Policy.

32. In issuing the Title Insurance Policy, Stewart Title agreed to indemnify Weststar for losses incurred by reason of "[t]itle to the estate or interest described in Schedule A being vested other than as stated therein," "[a]ny defect in or lien or encumbrance on the title," or "the invalidity or unenforceability of the lien of the insured mortgage upon the title."  Ex. 7, Title Insurance Policy p. 1.

33. As a result of the inconsistencies in the Deed of Trust and the fact that the Littles were not fee simple owners of 554 Underwood Road at the time of the closing, the title to the estate is not vested as described in Schedule A to the Title Insurance Policy, there is a defect in Weststar's lien, and Weststar does not have an enforceable lien on the insured mortgage.

34. Despite having made two demands on Stewart Title, Stewart Title has failed to acknowledge liability under the Title Insurance Policy.  Stewart Title denied Weststar's Initial Claim and has not acknowledged liability under the Second Claim.

35. Weststar requests the Court grant declaratory judgment relief enter a judgment declaring that Stewart Title has a duty to indemnify Weststar for its losses under the Title Insurance Policy.

**Second Cause of Action**
**(Breach of Contract)**

36. The allegations contained in the preceding paragraphs are re-alleged and incorporated by reference as through fully set forth herein.

37. A valid contract existed between Weststar and the Stewart Title, namely the Title Insurance Policy.

38. Pursuant to the Title Insurance Policy, Stewart Title agreed to indemnify Weststar for losses arising out of defects in the title to the real property made the subject of this suit.

39. Stewart Title breached this contract by denying Weststar's Initial Claim and Second Claim under the Title Insurance Policy and by failing to indemnify Weststar for its losses under the Title Insurance Policy

40. As a result of Stewart Title's breach, Weststar has sustained economic damages in the past and will continue to sustain economic damages into the future.

## Prayer for Relief

41. Weststar respectfully requests that the Court enter judgment in its favor against Defendants and award the following relief:

   a. Entry of a declaratory judgment that Stewart Title is obligated to indemnify Weststar for its losses under the Title Insurance Policy;

   b. Actual damages;

   c. Plaintiff's reasonable costs and attorneys' fees incurred in bringing this action, as authorized by the Declaratory Judgment Act and Texas Civil Practice and Remedies Code § 38.001; and

   d. Other such relief as the Court deems just and proper.

Respectfully submitted, this the 27th day of November, 2019.

                MCNALLY & PATRICK L.L.P.

                By: /s/ Glen Patrick
                State Bar I.D. #15579500
                Attorneys for Weststar Mortgage Corporation
                100 E. Ferguson, Ste 400
                Tyler, Texas  75702
                Telephone No. 903/597-6301
                Facsimile No. 903/597-6302
                Email  glenepatrick@suddenlinkmail.com
                Local Counsel (Signed with permission of Sean C. Wagner, Designated Lead Counsel for Plaintiff)

*- AND-*

Sean C. Wagner, N.C. State Bar No. 50233
Designated Lead Counsel for Plaintiff
*Pro Hac Vice* Application Forthcoming
Derek M. Bast, N.C. State Bar No. 49069
*Pro Hac Vice* Application Forthcoming

WAGNER HICKS PLLC
831 E. Morehead Street, Suite 650
Charlotte, North Carolina 28202
Telephone: (704) 705-7358
sean.wagner@wagnerhicks.law
derek.bast@wagnerhicks.law

*COUNSEL FOR PLAINTIFF*
*WESTSTAR MORTGAGE CORPORATION*